Doyle S. Byers (11440)
Brandon T. Christensen (16420)
HOLLAND & HART LLP
222 South Main Street, Suite 2200
Salt Lake City, UT  84101
Telephone:  (801) 799-5800
Facsimile:  (801) 799-5700
dsbyers@hollandhart.com
btchristensen@hollandhart.com

*Attorneys for John Deere Construction & Forestry Company*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: <br><br> RAY CURTIS PAYNE, <br><br> Debtor. | Bankruptcy No. 21-23375 WTT <br><br> Chapter 7 <br><br> Judge William T. Thurman |
| JOHN DEERE CONSTRUCTION & FORESTRY COMPANY, <br><br> Plaintiff, <br><br> v. <br><br> RAY CURTIS PAYNE, <br><br> Defendant. | COMPLAINT FOR NONDISCHARGEABILITY <br><br> Adv. Pro. No. _____ |

John Deere Construction & Forestry Company ("John Deere") hereby complains against Ray Curtis Payne ("Debtor") and alleges as follows:

## PARTIES AND JURISDICTION

1. John Deere is a Delaware corporation authorized to do business within the State of Utah.

2. On information and belief, Payne is an individual residing at 1981 West 450 North, Lehi, Utah, 84045.

3. This is an adversarial proceeding arising out of Debtor's Bankruptcy Case No. 21-23375 WTT under Chapter 7 now pending in this Court.

4. This Court has jurisdiction over this matter under 28 U.S.C. § 1334.

5. Venue is proper in this Court under 28 U.S.C. § 1409.

6. This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

## GENERAL ALLEGATIONS

7. John Deere and Debtor entered into a loan contract and security agreement on August 30, 2019 (the "Agreement").

8. Under the Agreement, John Deere agreed to loan Debtor the funds necessary to purchase the following equipment:

| Equipment | Serial Number | Loan Amount |
| --- | --- | --- |
| 60G Compact Excavator | 1FF060GXTKJ290958 | $86,928.00 |
| 332G Skid Steer | 1T0332GMAKF356056 | $76,362.00 |
| RS72A Rotary Shark | 1T0RS72XEK0000421 | $13,860.00 |
| VR84 84 SMOOTH DRUM | 1T0VR84CHK0000248 | $13,520.00 |

| | | |
|---|---|---|
| VIB RLR | | |
| PA30B PLANETARY AUGER | 1T0PA30BHK0001254 | $9,174.00 |
| BR84C RIGID PICK-UP BROOM | 1T0BR84CKK0000082 | $8,986.00 |
| PC10 PLATE COMPACTOR | 1T0PC10XAH0000007 | $8,944.00 |
| TR60B 60 Trencher | 1T0TR60BTK0000134 | $8,505.00 |
| RT66 Rotary Tiller | 1T0RT66XKK0000443 | $6,720.00 |
| RB96 96 ROLL OUT BUCKET | 1T0RB96XHK0000052 | $6,512.25 |
| AT14 Angle-Tatch | 1T0AT14XAK0000063 | $3,602.00 |
| AT321215 PALLET FORKS | 1T0PF45XHK0000505 | $2,625.00 |

9. The foregoing is the "Equipment."

10. Debtor agreed that the Equipment would not be sold, rented or leased.

11. Debtor failed to make the required payments on the Equipment and otherwise defaulted under the Agreement.

12. On July 13, 2021, the Fourth Judicial District Court in and for Utah County, State of Utah, Case No. 210400634 (the "State Court Case"), entered default

3

judgment against Debtor in the amount of $252,558.32 plus after-accruing attorneys' fees, costs, and interest at 20% per annum (the "Default Judgment").

13.     On June 2, 2021, and pursuant to court order, a constable seized the 60G Compact Excavator, Serial Number 1FF060GXTKJ290958; 332G Skid Steer, Serial Number 1T0332GMAKF356056; RB96 96" Roll Out Bucket, Serial Number 1T0RB96XHK0000052; and PA30 PA30B Planetary Auger, Serial Number 1T0PA30BHK0001254 (the "Collected Equipment"), and delivered these items to John Deere's agent.

14.     John Deere has sought relief from the automatic stay to resume efforts to sell the Collected Equipment and apply the proceeds to Debtor's debts and obligations to John Deere, including without limitation the Default Judgment.

15.     The constable was unable to seize the remaining Equipment (the "Uncollected Equipment").  This is because, despite knowing John Deere had demanded return of the Equipment and was making efforts to collect the Equipment, Debtor sold the Uncollected Equipment to unknown third parties for cash.

### FIRST CLAIM FOR RELIEF
### (11 U.S.C. § 523(a)(2)(A))

16.     John Deere incorporates the foregoing allegations as if fully set forth here.

17.     Debtor obtained money and property from John Deere by false pretenses, a false representation, and actual fraud, including by selling the Equipment despite knowing John Deere had demanded return of the Equipment and was making efforts to collect the Equipment.

4

18. Accordingly, Debtor's debts may not be discharged pursuant to Bankruptcy Code 11 U.S.C. §§ 523(a)(2)(A).

19. Debtor's actions have harmed John Deere in the amount of not less than $42,727.68, plus applicable interest, attorneys' fees, and costs.

**SECOND CLAIM FOR RELIEF**
**(11 U.S.C. § 523(a)(6)**

20. John Deere incorporates the foregoing allegations as if fully set forth here.

21. Debtor caused willful and malicious injury to John Deere and John Deere's property, including by selling the Equipment despite knowing John Deere had demanded return of the Equipment and was making efforts to collect the Equipment.

22. Accordingly, Debtor's debts may not be discharged pursuant to Bankruptcy Code 11 U.S.C. §§ 523(a)(6).

23. Debtor's actions have harmed John Deere in the amount of not less than $42,727.68, plus applicable interest, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, John Deere prays for judgment against Debtor as follows:

A. For a judgment that Debtor's debt to John Deere may not be discharged pursuant to 11 U.S.C. §§ 523(a)(2)(A);

B. For a judgment that Debtor's debt to John Deere may not be discharged pursuant to 11 U.S.C. §§ 523(a)(6);

C. For interest, attorneys' fees, costs, and expenses per the Agreement; and

D. For such other relief as is equitable and just.

DATED this 15th day of November, 2021.

                HOLLAND & HART LLP

                */s/ Brandon T. Christensen*
                Doyle S. Byers
                Brandon T. Christensen
                *Attorneys for John Deere*

17712093_v1